IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUGO ZALDANA and GARY GUARDINEER, individually and on behalf of all others similarly situated<br><br>            Plaintiffs,<br><br>   v.<br><br>KB HOME, et al.,<br><br>            Defendants.           / | No. C-08-3399 MMC<br><br>**ORDER GRANTING COUNTRYWIDE AND FIRST AMERICAN'S MOTIONS TO DISMISS; GRANTING IN PART AND DENYING IN PART KB HOME'S MOTION TO DISMISS; VACATING HEARING** |

   Before the Court are the motions to dismiss of defendants KB Home, Countrywide Financial Corporation ("Countrywide"), and First American Title Company ("First American"), each filed December 8, 2008.  Plaintiffs Hugo Zaldana ("Zaldana") and Gary Guardineer ("Guardineer") have filed a joint opposition to the three motions, to which opposition each defendant has replied.  Having read and considered the papers filed in support of and in opposition to the motions, the Court deems the matters suitable for decision thereon, hereby VACATES the hearing scheduled for February 13, 2009, and rules as follows.

   1.  Contrary to plaintiffs' argument, plaintiffs have failed to allege facts that would equitably estop defendants from raising the statute of limitations with respect to Guardineer's claims against KB Home and First American under Sections 8 and 9 of the

Real Estate Settlement Practices Act ("RESPA"), 12 U.S.C. §§ 2607, 2608.[1] In particular, plaintiffs have failed to allege, with particularity, "active conduct by [defendants], above and beyond the wrongdoing upon which [plaintiffs'] claim[s] [are] filed." See Santa Maria v. Pacific Bell, 202 F.3d 1170, 1177 (9th Cir. 2000); see also Guerrero v. Gates, 442 F.2d 697, 706-07 (9th Cir. 2006) (noting equitable estoppel is "also termed fraudulent concealment"; further noting plaintiff "must plead with particularity the facts which give rise to the claim of fraudulent concealment") (internal quotation and citation omitted). More specifically, plaintiffs' allegation that "the web of brands, entities, forms, and legal pretexts which Defendants' [sic] employed were specifically designed to conceal the base reality of their unlawful conduct" (see FAC ¶ 42) fails to meet the above-described standard. Nor have plaintiffs alleged sufficient facts to support an inference that KB Home or First American owed fiduciary duties to Guardineer that would suffice to render said defendants' silence fraudulent. See Rutledge v. Boston Woven Hose & Rubber Co., 576 F.2d 248, 250 (9th Cir. 1978) (holding "[s]ilence or passive conduct of the defendant is not deemed fraudulent, unless the relationship of the parties imposes a duty upon the defendant to make disclosure"); see also FAC ¶ 41 (alleging First American was "escrow provider"); Lee v. Title Ins. & Trust Co., 264 Cal. App. 2d 160, 161, 163 (1968) (holding escrow holder had no fiduciary duty "to disclose" facts bearing on true value of property; noting "no liability attaches to the escrow holder for his failure to do something not required by the terms of the escrow or for a loss incurred while obediently following his escrow instructions") (internal quotation omitted).[2]

Contrary to plaintiffs' argument, plaintiffs have failed to allege facts that would entitle Guardineer to equitable tolling of the statute of limitations with respect to his RESPA claims

---

[1] Countrywide has not asserted that Guardineer's claims against it are barred by the statute of limitations.

[2] Although plaintiffs allege that KB Home "admits its partnership with Countrywide," whom plaintiffs allege was a "mortgage broker," and that KB Home "owed duties of disclosure and honesty in its capacities as the seller and sales agent/broker" (see FAC ¶ 41), plaintiffs fail to cite any authority, and the Court has located none, suggesting KB Home had a duty to disclose to Guardineer any facts other than those that were disclosed.

against KB Home and First American.  In particular, plaintiffs have failed to allege sufficient facts to support an inference that Guardineer acted with "due diligence" in attempting to obtain "vital information bearing on the existence of his claim."  See Santa Maria, 202 F.3d at 1178 (holding "[e]quitable tolling may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim").  More specifically, plaintiffs' allegation that the United States Department of Housing and Urban Development "itself took several years to discover" violations arising out of conduct not at issue in the instant action, by KB Home Mortgage Company, an entity not a party to the action (see FAC ¶ 43), does not obviate the need for plaintiffs to allege the steps undertaken by Guardineer to discover the facts underlying his claims.

Accordingly, to the extent Guardineer's claims against KB Home and First American are brought under Sections 8 and 9 of RESPA, such claims will be dismissed.[3]

2. Contrary to plaintiffs' argument, to the extent Zaldana's claims against KB Home and First American under Section 8(a) of RESPA, 12 U.S.C. § 2607(a), are based on the alleged "KB Home-[First American] Forced Use and Referral Arrangement" (see FAC at 10:10), such claims are subject to dismissal, for the reason that plaintiffs have failed to allege facts from which an inference can be drawn that a "fee, kickback, or thing of value" was transferred to KB Home in exchange for its referral of Zaldana to First American.  See 12 U.S.C. § 2607(a).  In particular, plaintiffs, after alleging KB Home had stopped receiving "contract coordination fee[s]" from First American, cannot rely on their conclusory allegation that KB Home "continued and continues to receive 'things of value' in exchange for its referrals to [First American]."  (See FAC ¶ 39); see also Holden v. Hagopian, 978 F.2d 1115, 1121 (9th Cir. 1992) (holding, on motion to dismiss, court need not accept as true conclusory allegations unsupported by facts alleged).

3. Contrary to plaintiffs' argument, to the extent plaintiffs' claims against KB Home

---

[3]Plaintiffs do not dispute that, absent equitable estoppel or equitable tolling, Guardineer's claims under Sections 8 and 9 of RESPA are barred by the one-year statute of limitations provided by 12 U.S.C. § 2614.

and Countrywide under § 8(a) of RESPA are based on the alleged "Countrywide-KB Sham ABA [Affiliated Business Arrangement]" (see FAC at 7:15), such claims are subject to dismissal, for the reason that plaintiffs have failed to allege that a "fee, kickback, or thing of value" was transferred to KB Home in exchange for its referral of plaintiffs to Countrywide for mortgage loans. See § 2607(a). Plaintiffs' reliance on their allegation that Countrywide allowed "KB Home agents to insert themselves into the . . . loan approval process" with respect to appraisals (see FAC ¶ 31) is unavailing, particularly given plaintiffs' failure to allege that any such influence was afforded KB Home in connection with plaintiffs' individual transactions.[4]

    4. Contrary to plaintiffs' argument, Zaldana's claims against KB Home, First American, and Countrywide under § 8(b) of RESPA, 12 U.S.C. § 2607(b), are subject to dismissal, for the reason that plaintiffs have failed to allege, in connection with Zaldana's transaction, that any defendant granted or received a "portion, split, or percentage of any charge made or received for the rendering of a real estate settlement service." See § 2607(b).

    5. Contrary to plaintiffs' argument, Guardineer's claim against Countrywide under § 8(b) of RESPA likewise is subject to dismissal, for the reason that plaintiffs have failed to allege, in connection with the referral of Guardineer to Countrywide, that any defendant granted or received a "portion, split, or percentage of any charge made or received for the rendering of a real estate settlement service." See § 2607(b).

    6. Contrary to plaintiffs' argument, plaintiffs' claims under the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 et seq, are subject to dismissal, for the reason that plaintiffs have failed to sufficiently allege they "lost money or property as

---

[4]Plaintiffs' argument that their transactions need not have been subject to such alleged improper influence is unavailing. Specifically, even assuming, arguendo, plaintiffs have sufficiently pled that the joint venture between KB Home and Countrywide was a "sham" affiliated business arrangement (see FAC ¶ 61), such allegation would not alleviate the requirement that plaintiffs plead that a "fee, kickback, or thing of value" was granted or received in exchange for a referral of "business incident to or a part of a real estate settlement service," see § 2607(a).

4

a result of the unfair competition" of defendants. See Cal. Bus. & Prof. Code § 17204 (providing action under UCL shall be brought by certain government officials "or by a person who has suffered injury in fact and has lost money or property as a result of the unfair competition"). In particular, although plaintiffs, in their First Amended Complaint, allege they "lost money as a result of paying settlement service charges" because "legitimate settlement services were not provided by the recipient[s]" (see FAC ¶ 70), such allegation is contradicted by other allegations in the First Amended Complaint (see FAC ¶ 37(iii) (alleging First American handled "the actual performance of all title and escrow services"); id. ¶ 61 (alleging joint venture between KB Home and Countrywide performed "some services in connection with mortgages originated by Countrywide in connection with KB Home referrals")).

7. Contrary to KB Home's argument, plaintiffs have sufficiently alleged a claim on behalf of Zaldana, against KB Home, under § 9 of RESPA, 12 U.S.C. § 2608. See 12 U.S.C. § 2608(a) (providing "[n]o seller of property that will be purchased with the assistance of a federally related mortgage loan shall require directly or indirectly, as a condition to selling the property, that title insurance covering the property be purchased by the buyer from any particular title company"). Specifically, KB Home has not shown the Affiliated Business Arrangement Disclosure Statement signed by Zaldana, which, KB Home argues, contradicts Zaldana's allegation that he was required to use First American as a condition for the purchase of the subject property (see Hecht Decl. Ex. A, at 22),[5] precludes Zaldana's pleading and proving such requirement was imposed by some other document or by KB Home's conduct.[6] (See FAC ¶ 37(ii) (alleging "[a]ll KB Home buyers were required

---

[5] Plaintiffs do not challenge the admissibility of Zaldana's Purchase Agreement and Escrow Instructions, including the Affiliated Business Arrangement Disclosure Statement.

[6] KB Home's reliance on Capell v. Pulte Mortgage L.L.C., No. 07-1901, 2007 WL 3342389 (E.D. Pa. Nov. 7, 2007), is unavailing. In Capell, the plaintiff alleged she was offered a substantial credit if she agreed to use a particular title company, but she did not allege she was required to use such company as a condition of purchase. See id. at *8.

to sign a form purchase agreement identifying the 'Title Company' as [First American]").[7]

**CONCLUSION**

For the reasons stated above, Countrywide and First American's motions to dismiss are hereby GRANTED, and KB Home's motion to dismiss is hereby GRANTED in part and DENIED in part, as follows:

1. With respect to Guardineer's claims under RESPA, Zaldana's claims under § 8 of RESPA, and both plaintiffs' claims under the UCL, the motion is GRANTED.[8]

2. With respect to Zaldana's claims under § 9 of RESPA, the motion is DENIED.

To the extent plaintiffs may be able to cure any of the above-noted deficiencies, the Court will afford plaintiffs leave to file a Second Amended Complaint. Any such Second Amended Complaint shall be filed no later than March 13, 2009.

**IT IS SO ORDERED.**

Dated: February 10, 2009

_____
MAXINE M. CHESNEY
United States District Judge

---

[7] KB Home cites no authority in support of its argument that such condition must be pleaded with greater particularity.

[8] In light of the above-stated reasons for such ruling, the Court does not reach defendants' additional arguments offered in support of their motions to dismiss said claims.