THE HONORABLE MAXINE M. CHESNEY

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUGO ZALDANA individually, and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>KB HOME, a Delaware corporation; COUNTRYWIDE FINANCIAL CORPORATION, a Delaware corporation; COUNTRYWIDE HOME LOANS, a Delaware corporation; COUNTRYWIDE MORTGAGE VENTURES, LLC, and COUNTRYWIDE KB HOME LOANS, an unincorporated association of unknown form,<br><br>    Defendants. | Case No. CV-08-3399 MMC<br><br>[PROPOSED] STIPULATED PROTECTIVE ORDER<br><br>[lodged concurrently with Stipulation] |

**[STIPULATED PROTECTIVE ORDER**

    Having considered the Stipulation of Plaintiff Hugo Zaldana ("Plaintiff") and Defendants KB HOME, Countrywide Financial Corporation, Countrywide Home Loans, Inc., Countrywide Mortgage Ventures, LLC and Countrywide KB Home Loans, a Series of Countrywide Mortgage Ventures, LLC (collectively the "Defendants"), and good cause appearing, IT IS HEREBY ORDERED THAT pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the following protective order shall govern proceedings in this matter:

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1. <u>"Confidential" Documents, Materials, and Information</u>.  This Order shall govern all documents produced or exchanged ("Documents"), all written answers, deposition answers and other responses to discovery ("Discovery Answers"), and all communications of any kind made by Plaintiff, his attorneys, consultants, agents, and representatives, by Defendants, their attorneys, consultants, agents, employees and representatives, and other third parties.  "CONFIDENTIAL MATERIALS" shall be the documents or information respectively designated under this Order and any notes, work papers, or other documents respectively containing "Confidential Materials" derived from such items.  Any party may identify any documents or information, including but not limited to discovery materials produced by that party, initial disclosures, documents and things, answers to interrogatories, responses to requests for production, responses to requests for admission, deposition exhibits, and all or portions of deposition or hearing transcripts, as "CONFIDENTIAL MATERIALS" and designate the documents or information as such by affixing thereto a legend of "CONFIDENTIAL MATERIALS" or "CONFIDENTIAL" or by designating through another method set forth in this Order or agreed to by the parties.  A party may designate documents or information as "CONFIDENTIAL MATERIALS" to the extent that the party, through counsel, believes such documents or information are confidential because they contain or include:  (1) confidential business or technical information; (2) trade secrets; (3) proprietary business methods or practices; (4) any other competitively sensitive confidential information; (5) personal information, including personal financial information about customers or applicants, any party to this lawsuit, or an employee of any party to this lawsuit; (6) information regarding any individual's banking or lending relationships, including, without limitation, information regarding any individual's mortgage or credit history and/or consumer information not otherwise available to the public; and (7) any other categories that are later agreed to in writing by the parties or ordered to by the Court.  The parties may designate documents or information as "CONFIDENTIAL MATERIALS" without stamping, but by notifying the other party of the identity of the documents or information to be designated as "CONFIDENTIAL MATERIALS."

2. <u>Scope of "CONFIDENTIAL" Designation</u>. The special treatment accorded to documents designated "CONFIDENTIAL" or "CONFIDENTIAL MATERIALS" under this Order shall reach:

    a. All documents previously or hereafter designated "Confidential" or "Confidential Materials";

    b. All copies, extracts, and complete or partial summaries prepared from such documents;

    c. Any deposition transcript or exhibit, or portion thereof, that discusses or refers to such documents, copies, extracts or summaries;

    d. Any portion of any discovery answer or response, affidavit, declaration, brief, or other paper filed with the Court, or exhibit thereto, that discusses or refers to such documents, transcripts, exhibits, copies, extracts or summaries; and

    e. Any other types of documents or categories that are later agreed to in writing by the parties or ordered by the Court.

3. <u>Restrictions on Disclosure of "CONFIDENTIAL" Documents or "CONFIDENTIAL MATERIALS"</u>. Except with prior written consent of all parties and nonparties asserting confidential treatment, and except as provided elsewhere in this Order, documents designated "CONFIDENTIAL MATERIALS" and all information contained therein or derived therefrom, may not be disclosed to any person, including the Parties, other than:

    a. Counsel for the parties in this action;

    b. Secretaries, paralegal assistants, and other employees or contractors of such counsel who are assisting in the prosecution and/or defense of this action;

    c. Persons with prior knowledge of the confidential documents or information and their agents;

    d. Court officials involved in this litigation (including court reporters, person operating video recording equipment at depositions, and any special master appointed by the Court);

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

Case 3:08-cv-03399-MMC   Document 96   Filed 12/29/09   Page 4 of 11

e. Actual or potential deposition or trial witnesses in this action, to the extent reasonably necessary to prepare the witness to testify concerning this case or to question the witness about knowledge he or she might have which is pertinent to the case;

f. Outside consultants and experts solely retained for the purpose of assisting counsel and the parties in the prosecution and/or defense of this action; and

g. Any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper.

4. <u>Review of Own "CONFIDENTIAL" Documents and "CONFIDENTIAL MATERIALS."</u>  The restrictions of this Order shall not apply to parties, and their employees, attorneys, experts or other authorized agents, when reviewing their own "CONFIDENTIAL" documents or "CONFIDENTIAL MATERIALS."

5. <u>Certification of Compliance</u>.  Except for persons identified in subparagraphs 3(a)-(d) above, no person authorized under the terms of this Order to receive access to "CONFIDENTIAL MATERIALS" and "CONFIDENTIAL" documents shall be granted access to them until such person has read the Order and agrees in writing to be bound by it per the form attached hereto as Exhibit A.  Upon order of this Court, for good cause shown, these written agreements (Exhibit A) shall be available for inspection by counsel for other parties or nonparties.

6. <u>Notice of Breach</u>.  It shall be the obligation of counsel, upon hearing of any breach or threatened breach of this Order by any person, promptly to notify counsel for the opposing and producing parties of such breach or threatened breach.  The parties shall make every reasonable effort to mark all discovery containing "CONFIDENTIAL MATERIALS" or "CONFIDENTIAL" documents, but the mistaken or inadvertent failure to mark the discovery material, where notice has otherwise been given that it contains "CONFIDENTIAL MATERIALS" or "CONFIDENTIAL" documents, shall not exempt it from the provisions of this Protective Order.

7. <u>Use of "CONFIDENTIAL" Documents and "CONFIDENTIAL MATERIALS" at Depositions</u>.  Documents designated "CONFIDENTIAL" or "CONFIDENTIAL MATERIALS" and all information contained therein or derived therefrom, may be used or referred to at depositions, or marked as deposition exhibits, in accordance with the provisions of this Order.  Any

"CONFIDENTIAL" documents and "CONFIDENTIAL MATERIALS" marked as deposition exhibits shall be sealed separately from the remainder of the deposition transcript and exhibits. When a party uses or refers to "CONFIDENTIAL MATERIALS" and "CONFIDENTIAL" documents or information at a deposition, the portion of the deposition transcript that relates to such documents or information shall be stamped "CONFIDENTIAL" and sealed separately from the remainder of the transcript, and shall be treated as "CONFIDENTIAL" under the provisions of this Order. Deponents shall not disclose or disseminate any confidential information obtained, revealed, examined, discussed or testified to during a deposition to any person.

8. <u>Designating Portions of Transcripts "Confidential."</u> When "CONFIDENTIAL" information is incorporated into a transcript of a deposition, hearing, trial or other proceeding, including exhibits, the parties will attempt in good faith to preliminarily identify and designate "CONFIDENTIAL" testimony, argument and/or exhibits without prejudice to their right to so designate other testimony, argument or exhibits or withdraw such designation after receipt of the transcript, and make arrangements with the reporter during the course of the deposition or other proceeding to label the transcript, portions thereof, or exhibits as "CONFIDENTIAL" and separately bind such category of information. Any party or nonparty may, within thirty (30) days after receiving a deposition transcript, designate portions of the transcript, or exhibits thereto, as being "CONFIDENTIAL." Confidential deposition testimony or exhibits may be so designated by stamping the exhibits "CONFIDENTIAL," or by underlining the portions of the pages that are confidential and stamping such pages "CONFIDENTIAL." If no party or nonparty timely designates testimony or exhibits from a deposition as being "CONFIDENTIAL," none of the deposition testimony or exhibits will be treated as confidential. If a timely "CONFIDENTIAL" designation is made, the confidential portions and exhibits shall be sealed separately from the portions and exhibits not so marked, and shall be treated as "CONFIDENTIAL" under the provisions of this Order. Deponents and/or witnesses shall not retain or copy portions of the transcript of their deposition or testimony that contain confidential information not provided by them or the entities they represent unless they sign the form appended hereto as Exhibit A.

9. <u>Use of "CONFIDENTIAL" Documents and "CONFIDENTIAL MATERIALS" in Papers Filed With or Used In the Court</u>. "CONFIDENTIAL MATERIALS" and documents designated "CONFIDENTIAL," and all information contained therein or derived therefrom, may be, subject to the provisions of this Protective Order or any further order regarding confidentiality as this Court may enter, discussed or referred to in pleadings, motions, affidavits, briefs and other papers filed with the Court, or attached as exhibits thereto, or offered as evidence at trial or any court hearing. In the event of such use, the filing or offering party shall, by appropriate stipulation and proposed order or motion, seek leave of Court to file the specific pleadings, exhibits and/or documents containing "CONFIDENTIAL MATERIALS" and/or documents designated as "CONFIDENTIAL" under seal pursuant to Local Rule ~~5(g)~~ 79-5, including a "clear statement of the facts justifying a seal and overcoming the strong presumption in favor of public access." The filing or offering party shall (a) seek such leave prior to or contemporaneously with the filing of the pleadings, exhibits and/or other submissions containing "CONFIDENTIAL MATERIALS" and/or documents designated as "CONFIDENTIAL;" and (b) file the subject documents under seal pursuant to the procedures set forth in Local Rule ~~5(g)~~ 79-5, pending disposition by the Court of the stipulation or motion for leave to file such materials under seal. In the event, and only in the event, this Court approves the stipulation or motion, the subject pleadings and/or document shall be maintained under seal by the Clerk under further order of this Court. The party offering as evidence or filing pleadings, exhibits, and/or other submissions containing "CONFIDENTIAL MATERIALS" and/or documents designated as "CONFIDENTIAL" shall serve copies on opposing counsel in the traditional manner.

10. <u>Client Consultation.</u> Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their client and, in the course thereof, relying generally on the examination of "CONFIDENTIAL MATERIALS" or "CONFIDENTIAL" documents or other information designated "CONFIDENTIAL"; provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not make specific disclosure of any item so designated except pursuant to paragraph 4 or 5. Counsel are prohibited from disclosing "CONFIDENTIAL MATERIALS," "CONFIDENTIAL" documents, or other information

designated "CONFIDENTIAL" pertaining to any other actual or potential plaintiff or any actual or purported class member with any other actual or potential plaintiff.

11. <u>Litigation Use Only</u>.  All "CONFIDENTIAL MATERIALS" and "CONFIDENTIAL" documents produced in this litigation, whether by a party or nonparty, and whether pursuant to Civil Rule 34, subpoena, agreement or otherwise, and all information contained therein or derived therefrom, shall be used solely for the preparation and trial of this action (including any appeals and retrials), and may not be used for any other purpose, including business, governmental or commercial, or any other administrative or judicial proceedings or actions.

12. <u>Subpoena by Other Court or Agencies.</u>  If another court or an administrative agency subpoenas or orders production of "CONFIDENTIAL MATERIALS" or "CONFIDENTIAL" documents that a party obtained under the terms of this Order, the party receiving the subpoena shall promptly notify the party or other person who designated the "CONFIDENTIAL MATERIALS" or "CONFIDENTIAL" documents of the pendency of such subpoena or order.

13. <u>Survival of Order and Return of Documents</u>.  The provisions of this Order shall continue to apply to all "CONFIDENTIAL MATERIALS" and CONFIDENTIAL" documents and information after this action has been terminated.  Within one hundred and twenty (120) days after termination of this action, including all appeals, the parties shall return all "CONFIDENTIAL MATERIALS" and "CONFIDENTIAL" documents to the producing party, as well as all copies, extracts and summaries thereof, except that counsel for each party may maintain in its files one copy of each pleading or other paper filed with the Court; alternatively, the parties and/or any producing party may agree upon appropriate methods of destruction. Work product and attorney client privileged material is exempt from this provision.  All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the party who produced or designated the documents not more than 150 days after final termination of this action. The producing party agrees to make "CONFIDENTIAL MATERIALS" and "CONFIDENTIAL" documents available to the opposing counsel if requested for the purpose of establishing a claim or

1  defense on behalf of the counsel in a controversy between counsel and the party, to establish a
2  defense to a criminal charge or civil claim against counsel based upon conduct in which the party
3  was involved, to respond to allegations in any proceeding concerning the counsel's representation
4  of the party, or pursuant to court order.

5        14.   <u>Elimination of "CONFIDENTIAL" Designation</u>. Counsel may at any time request
6  the producing party to eliminate the "CONFIDENTIAL" designation of any discovery materials.
7  The producing party must respond in writing to any such request within ten (10) days of its receipt.
8  If the producing party declines to reclassify discovery materials following such a request, counsel
9  may submit the discovery materials in question *in camera* to the Court and seek an order
10 reclassifying the materials. This Order shall be without prejudice to the right of any Non-
11 Designating Party to bring before this Court at any time the question of whether any particular
12 information is properly designated. The burden of proving that information is properly designated
13 pursuant to this Order shall be on the Designating Party.

14       15.   <u>Modification</u>. This Order may be modified by the Court upon stipulation of the
15 parties or on the motion of any party. This Order shall remain in effect after the termination of this
16 litigation by final judgment, dismissal or otherwise.

17       16.   <u>No Admissions</u>. Nothing contained in this Order, nor any action taken in
18 compliance with it, shall:

19       a.   Operate as an admission by any party that any particular document or
20 information is, or is not, confidential;

21       b.   Operate as an admission by any party that any particular document is, or is
22 not, subject to discovery or admissible in evidence at the trial of this action.

23       c.   Prejudice the right of any party to contest the alleged relevancy,
24 admissibility, or discoverability of the "CONFIDENTIAL MATERIALS" or "CONFIDENTIAL"
25 documents and information sought.

26       17.   <u>Interim Protection And Inadvertent Disclosure Protection</u>. "CONFIDENTIAL
27 MATERIALS" and "CONFIDENTIAL" documents produced by any party or nonparty through
28 discovery in this action prior to the entry of this Order by the Court shall be subject to the

provisions of this Order to the same extent as if the Order had been entered by the Court, unless the Court otherwise directs. Review of the "CONFIDENTIAL MATERIALS" or documents or information labeled "CONFIDENTIAL" by counsel, experts, or consultants in the litigation shall not waive the "CONFIDENTIAL" designation or any objections to production. "CONFIDENTIAL MATERIALS" and "CONFIDENTIAL" documents inadvertently produced by any party or nonparty through discovery in this action without having been designated as "CONFIDENTIAL" or "CONFIDENTIAL MATERIALS," shall be subject to the provisions of this Order to the same extent as if the inadvertent disclosure had not occurred so long as there is reasonable notice to the other party of the inadvertent disclosure. If a producing party inadvertently discloses to receiving party information that is privileged or otherwise immune from discovery, said producing party shall promptly, upon discovery of such disclosure, so advise the receiving party in writing and request that the item or items of information be returned. No party to this action shall thereafter assert that such disclosure waived any privilege or immunity. It is further agreed that the receiving party will return such inadvertently produced item or items of information and all copies thereof within fourteen (14) calendar days of receiving a written request for the return of such item or items of information from the producing party.

18. This Order is intended to provide a mechanism for the handling of "CONFIDENTIAL MATERIALS" and "CONFIDENTIAL" documents, the disclosure or production of which there is no objection to other than confidentiality. Each party reserves the right to object to any disclosure of information or production of any documents it deems confidential on any other ground it may deem appropriate. Any party may move for relief from, or general or particular modification of, the mechanism for maintaining confidentiality herein set forth or the application of this Order, in any particular circumstance.

19. Non-parties who are required to produce confidential information in response to a subpoena, and who in good faith believe that such material contains confidential information, may rely on this Order and apply it to their production.

20. <u>Responsibility of Attorneys.</u> The attorneys of record are responsible for employing reasonable measures to control, consistent with this Order, the duplication of, access to, and

1  distribution of copies of materials labeled "CONFIDENTIAL" or "CONFIDENTIAL
2  MATERIALS." Parties shall not duplicate any such materials except for working copies and for
3  filing in court under seal. The attorneys of record further are responsible for employing reasonable
4  measures to control, consistent with this Order, the dissemination or revelation of confidential
5  information.

6  21.  <u>Venue/Jurisdiction</u>.  The parties consent to venue and jurisdiction in the above-
7  captioned Court, in San Francisco, California, with regard to any proceedings to enforce the terms
8  of the Order.

9  IT IS SO ORDERED:

10  DATED this <u>29th</u> day of December 2009.

*[signature]*

Honorable Maxine M. Chesney
United States District Judge

# **EXHIBIT A**

1. I, _____, have read the Stipulation and Protective Order ("Order") entered in <u>HUGO ZALDANA v. KB HOMES, COUNTRYWIDE FINANCIAL CORP., COUNTRYWIDE HOME LOANS, COUNTRYWIDE MORTGAGE VENTURES, LLC, and COUNTRYWIDE KB HOME LOANS</u>, N.D. Cal., Case No. CV-08-3399 MMC, and agree to be bound by its terms with respect to any documents, material or information designated or marked "Confidential" that are furnished to me as set forth in the Order.

2. I further agree: (i) not to disclose to anyone any documents, materials or information marked "Confidential" other than as set forth in the Order, and (ii) not to make any copies of any documents, material or information marked "Confidential" furnished to me except in accordance with the Order.

3. I agree to return all documents or materials containing "CONFIDENTIAL" or "CONFIDENTIAL MATERIALS" labels to the attorney who presented this Acknowledgement to me within sixty (60) days after the conclusion of this litigation whether by dismissal, final judgment or settlement.

4. I hereby consent to venue and jurisdiction in the United States District Court for the Northern District of California, at San Francisco, California, with regard to any proceedings to enforce the terms of the Order.

_____
Signature                                                    Date