United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HUGO ZALDANA, individually, and on behalf of all others similarly situated,

    Plaintiff,

   v.

KB HOME, a Delaware corporation; FIRST AMERICAN TITLE COMPANY, a California corporation; FIRST AMERICAN TITLE INSURANCE COMPANY, a California corporation; FIRST AMERICAN CORPORATION, a Delaware corporation; COUNTRYWIDE FINANCIAL CORPORATION, a Delaware Corporation; COUNTRYWIDE HOME LOANS, a Delaware corporation; COUNTRYWIDE MORTGAGE VENTURES, L.L.C.; COUNTRYWIDE KB HOME LOANS, an unincorporated association of unknown form,

    Defendants.

No. C-08-3399 MMC

**ORDER DENYING DEFENDANTS' MOTION TO SEVER COUNTRYWIDE CLAIMS FROM FIRST AMERICAN CLAIMS**

Before the Court is defendants First American Title Company, First American Title Insurance Company, First American Financial Corporation (collectively, "First American Defendants"), and Countrywide Financial Corporation, Countrywide Home Loans, Countrywide Mortgage Ventures, L.L.C., and Countrywide KB Home Loans's (collectively, "Countrywide Defendants")[1] Motion to Sever Countrywide Claims from First American

---

[1] The remaining defendant, KB Home, although not identified in the motion as a moving party, is a signatory thereto.

Claims, filed September 17, 2010, whereby said defendants seek severance, under Rule 21 of Federal Rules of Civil Procedure, of claims brought against the First American Defendants from claims against the Countrywide Defendants, or, in the alternative, for an order directing "dispositive motions, class certification proceedings and any trial proceed separately" pursuant to Rules 20(b) and 42(b) (see Mot. 1:25-27).  Plaintiff Hugo Zaldana ("Zaldana") has filed opposition, to which defendants have replied.  Having considered the papers filed in support of and in opposition to the motion, the Court deems the motion suitable for decision on the parties' respective submissions, see Civil L.R. 7-1(b), VACATES the hearing scheduled for October 29, 2010, and rules as follows.

## BACKGROUND

The instant action arises out of Zaldana's purchase of a home from defendant KB Home in November 2007.  (See Fourth Am. Compl. for Damages and Injunctive Relief ¶ 1.) Zaldana alleges that KB Home collected kickbacks from the Countrywide Defendants and the First American Defendants in exchange for referrals, in violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601-2617.  (Id. at ¶ 3.)  In particular, Zaldana alleges KB Home referred purchasers, including himself, to the Countrywide Defendants for mortgage lending services in exchange for a share of the fees and profits generated by said referral, as well as control over the appraiser and other settlement services to be used in connection with the sale.  (Id. at ¶ 4.)  Additionally, Zaldana alleges KB Home referred purchasers, including himself, to the First American Defendants for title insurance and escrow services in exchange for a "multi-million dollar lump sum advance referral fee payment . . . to subsidiaries of KB Home."  (Id. at ¶ 5.)  In his Fourth Amended Complaint, Zaldana asserts three Claims for Relief under RESPA, the first against KB Home and the Countrywide Defendants (id. at ¶¶ 68-81), the second against KB Home and the First American Defendants (id. at ¶¶ 82-86), and the third solely against KB Home (id. at ¶¶ 87-90).

**LEGAL STANDARD**

**A.   Rule 21**

Rule 21 of the Federal Rules of Civil Procedure provides, in relevant part: "The court may . . . sever any claim against a party." Although Rule 21 is titled "Misjoinder and Nonjoinder of Parties," a court may sever a trial under Rule 21, even if the parties are properly joined under Rule 20(a).[2]  See United States v. O'Neil, 709 F.2d 361, 369 (5th Cir. 1983). "Application of Rule 21 involves consideration of convenience and fairness." S.E.C. v. Leslie, No. C 07-3444, 2010 WL 2991038, at *4 (N.D. Cal. July 29, 2010) (citing Spencer, White & Prentis, Inc. v. Phizer, Inc., 498 F.2d 358, 362 (2d Cir. 1974). "The court has broad discretion in granting a severance." O'Neil, 709 F.2d at 367. In deciding whether to sever an action under Rule 21, courts consider, along with the requirements of Rule 20(a), such factors as judicial economy, prejudice, and "whether different witnesses and documentary proof are required for the separate claims." Leslie, 2010 WL 2991038, at *4.

**B.   Rule 42(b)**[3]

Rule 42(b) of the Federal Rules of Civil Procedure provides that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims."[4] A

---

[2] Rule 20(a) provides for joinder of defendants where "any right of relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions of occurrences," and "any question of law or fact common to all defendants will arise in the action." See Fed. R. Civ. P. 20(a)(2).

[3] While defendants additionally move under Rule 20(b), said rule provides no relief in addition to that available under Rule 42, see Wright & Miller, Federal Practice and Procedure § 1660 (3d ed. 2010) (noting "[a]side from emphasizing the availability of separate trials, Rule 20(b) has little significance inasmuch as the power granted the court therein also is provided by the much broader grant of discretion set forth in Rule 42(b)"), and requires no different analysis, see Coleman v. Quaker Oats, Co., 232 F.3d 1271, 1297 (9th Cir. 2000).

[4] Although Rule 42(b) is similar to Rule 21, an order pursuant to Rule 42(b) results in separate proceedings in a single action, whereas severance under Rule 21 results in two separate actions. See O'Neil, 709 F.2d at 368 (recognizing "difference between ordering separate trials under Rule 42(b), which does not result in discrete, independent suits, and severance under Rule 21, which does").

3

1  district court has "broad discretion" in deciding whether to order separate trials under Rule
2  42(b). Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1088 (9th Cir. 2002). "Factors to be
3  considered when determining whether to bifurcate a trial include: avoiding prejudice,
4  separability of the issues, convenience, judicial economy, and reducing risk of confusion."
5  Bates v. United Parcel Service, 204 F.R.D. 440, 448 (N.D. Cal. 2001). With respect to
6  judicial economy, additional considerations include (1) whether evidence to be offered in
7  the proposed phases will overlap, see Hangarter v. Provident Life & Acc. Ins. Co., 373 F.3d
8  998, 1021 (9th Cir. 2004), and (2) whether unnecessary costs can be avoided by resolution
9  of "dispositive preliminary issues," Jinro America, Inc. v. Secure Investments, Inc., 266 F.3d
10  993, 998 (9th Cir. 2001). The party requesting an order for separate trials has the burden
11  to show such bifurcation "will promote judicial economy and avoid inconvenience or
12  prejudice to the parties." Spectra-Physics Lasers, Inc. v. Uniphase Corp., 144 F.R.D. 99,
13  101 (N.D. Cal. 1992).

## DISCUSSION[5]

15  Defendants concede that they were properly joined in the instant action under Rule
16  20(a). (See Reply 3:2 ("Defendants do not argue that joinder was improper.").) In
17  particular, defendants admit that the claims against each of them arise from the same
18  "transaction, occurrence, or series of transactions or occurrences," see Fed. R. Civ. P.
19  20(a), namely, Zaldana's purchase of his home from KB Home (see Mot. 1:12-14).

20  Defendants nonetheless seek severance, on the asserted ground that the alleged
21  unlawful arrangements involving the First American Defendants and Countrywide
22  Defendants are separate, with neither set of defendants alleged to have participated in the
23  other's alleged arrangement. (See Mot. 1:3-4, 7:5-9.) Defendants assert that each such
24  set of defendants will incur unnecessary expenses, such as expenses incurred attending

---

[5] Defendants object to certain exhibits and portions of a declaration offered in support of Zaldana's opposition. (See Reply 11-12.) Where the Court has not relied on the material to which defendants object, the Court does not address herein defendants' objection. Where the Court has relied on such evidence, defendants' objection is overruled.

any depositions only relevant to the claims against the other set of defendants (see Mot. 9:10-10:13) and, further, that each such set will be prejudiced if the jury hears evidence of the other's alleged misconduct (see Mot. 10:21-11:10).

As defendants admit, however, both of the above-referenced arrangements are alleged to have been committed through a common third defendant, KB Home, and both are alleged to have culminated in a single transaction, the purchase of a home by Zaldana. While defendants' objection to plaintiff's evidence is well-taken with respect to the extent to which the testimony of any given witness would, in the event of severance, be duplicative (see Fredman Decl. ¶ 11 (estimating, without factual foundation, percentages of duplication); Reply at 12 (objecting to such evidence as inadmissable opinion)), defendants' objection is not well-taken as to plaintiff's evidence with respect to the need to call a number of the same witnesses in both trials (see Fredman Decl. ¶ 11 (identifying likely witnesses based on knowledge and employment); see also id. Ex. C, at 2:4-11 (Initial Disclosure Statement of KB Home)).  Moreover, defendants offer no declaration or other evidence countering plaintiff's showing in that regard; defendants offer no evidence, for example, that if severance were granted, KB Home employees would not be necessary witnesses in both trials.  Nor have defendants, as the moving parties, offered any evidence of their own to show the extent to which testimony or other evidence likely to be offered at trial would not overlap.  Further, although the liability of each defendant must be assessed individually, defendants fail to support their conclusory assertion that no jury instruction would suffice to assure such individual evaluation.  See Hendrix v. Raybestos-Manhattan, Inc., 776 F.2d 1492, 1495 (11th Cir. 1985) (recognizing use of cautionary instruction in eliminating risks of prejudice and confusion in consolidated trial; affirming consolidation of forty-four individual asbestos cases); Leslie, 2010 WL 2991038, at *5 (noting "[c]areful jury instructions should be effective to ensure that the jury can separate out the two sets of

allegations and the alleged conduct that is relevant to each").[6]

For the same reasons, defendants' alternative motion for separate trials under Rule 20(b) and 42(b) likewise is unavailing, and, in particular, for the reason that defendants have failed to show such separation would in any manner serve the interests of judicial economy. Cf. Jinro, 266 F.3d at 998 (noting benefits of separate trials where such bifurcation will "permit deferral of costly and possibly unnecessary proceedings pending resolution of potentially dispositive preliminary issues"). Accordingly, defendants have failed to demonstrate severance is appropriate under Rule 21 or, alternatively, that bifurcation is appropriate under Rules 20(a) and 42(b).

Lastly, to the extent defendants seek an order directing separate discovery and motion practice, the Court declines to issue any such order in the absence of a showing of specific need. Further, as plaintiff points out, concerns of such nature ordinarily can be resolved in the course of case management.

## CONCLUSION

For the reasons set forth above, defendants' motion is hereby DENIED.

**IT IS SO ORDERED.**

Dated: October 26, 2010

MAXINE M. CHESNEY
United States District Judge

---

[6] The cases on which defendants rely are, in each instance, distinguishable. See Coleman, 232 F.3d at 1296 (upholding severance where jury would have to investigate reasons for each plaintiff's termination under laws of different states and where accusation of ten plaintiffs would cause prejudice to defendant); Nassau Cnty. Ass'n of Ins. Agents, Inc. v. Aetna Life & Casualty Co., 497 F.2d 1151, 1154 (2d Cir. 1974) (refusing to join 164 defendants where plaintiffs alleged no common conspiracy, transaction, or occurrence among the defendants); Wynn v. Nat'l Broad. Co., Inc., 234 F. Supp. 2d 1067, 1088-89 (C.D. Cal. 2002) (finding severance appropriate where forty defendants accused of employment discrimination with no common transaction or occurrence); Cohen v. Dist. of Columbia Nat'l Bank, 59 F.R.D. 84, 88 (D.D.C. 1972) (severing actions against defendants where there was no common transaction or occurrence among the defendants); Kenvin v. Newburger, Loeb & Co., 37 F.R.D. 473, 475 (S.D.N.Y. 1965) (refusing to join four defendants where plaintiff alleged four separate transactions that were "in no way factually connected").